

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN MITCHELL an individual, on behalf of himself and all others similarly situated,

          Plaintiff-Appellant,

v.

MEDTRONIC, INC., a Minnesota Corporation,

          Defendant-Appellee.

No.    15-55888

D.C. No.
2:13-cv-06624-MWF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Plaintiff-Appellant John Mitchell appeals the district court's decision to grant Defendant-Appellee Medtronic's motion to dismiss Appellant's claims pertaining to the calculation of overtime under the Fair Labor Standards Act (FLSA). A district court's order granting a motion to dismiss for failure to state a claim is reviewed de novo. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Under the FLSA, overtime is calculated from an employee's regular rate of pay. The "regular rate" under the FLSA means the hourly rate actually paid for the normal, non-overtime work week, *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944), and includes all remunerations paid to the employee, except for those payments exempt under the FLSA. One such exemption is for "extra compensation provided by a premium rate paid for certain hours worked . . . in excess of the employee's normal working hours." 29 U.S.C. § 207(e)(5). According to the Department of Labor's regulations, premium rates paid "pursuant to the requirements of another applicable statute" fall within the § 207(e)(5) exemption. *See* 29 C.F.R. § 778.202(d).

Medtronic's meal payments to its California employees were fully consistent with the payments mandated by California Labor Code § 226.7(c). Because Medtronic's meal payments were made pursuant to the statutory requirement of

Cal. Lab. Code § 226.7(c), they were properly excluded from the calculation of

Medtronic's California employees' regular rate of pay.

**AFFIRMED.**